UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN E. WINFIELD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:03CV192 CDP |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent, | ) | |

## **MEMORANDUM AND ORDER**

At issue is whether federally appointed counsel may be reimbursed under the Criminal Justice Act, 18 U.S.C. § 3006A and 18 U.S.C. § 3599, for litigating an action under 42 U.S.C. § 1983. The purpose of this Memorandum and Order is to set forth the issue and to invite *amicus* briefing from the United States as well as further briefing from petitioner.

### Background

Plaintiff filed this action under § 1983 fifteen days before he was scheduled to be executed by lethal injection. He alleged that his due process rights were violated by the Warden of the Eastern Reception Diagnostic and Correctional Center and other high level prison supervisors who allegedly interfered with a witness who wanted to testify on his behalf in clemency proceedings.

After holding an evidentiary hearing, I entered a preliminary injunction and stay of execution. The preliminary injunction enjoined defendants from obstructing, pressuring, discouraging, or otherwise threatening any correctional employees from providing statements in support of petitioner's clemency efforts.

The Court of Appeals for the Eight Circuit reversed, and the United States Supreme Court refused to intervene. Petitioner was executed on June 18, 2014.

**Discussion**

The question that needs to be answered is whether § 1983 actions are compensable under the CJA. The *Guide to Judiciary Policy* states categorically that they are not. See *Guide*, Vol. 7A § 210.20.50.

A review of several district court cases suggests that the majority of courts would not compensate counsel for pursuing § 1983 litigation. See e.g., Smulls v. Luebbers, 2012 WL 2848152 *3 (E.D. Mo. 2012) ("The Court may not [] compensate counsel under § 3599 for pursuing civil litigation challenging the legality or constitutionality of the execution protocol.") and Cooey v. Strickland, Slip Copy, 2010 WL 1434312 *3 (S.D. Ohio 2010) (§ 3599 "does *not* include civil actions against state officials") (emphasis in original).

However, at least one circuit court has held that counsel was entitled to recover fees under the CJA for work performed in connection with a prisoner's unsuccessful § 1983 challenge to execution by lethal injection. Hooper v. Jones, 536 Fed. Appx. 796, 799-800 (10th Cir. 2013). In that case,

> [counsel] was appointed under § 3599(a)(2) to represent Mr. Hooper in habeas proceedings challenging his death sentence. That effort ultimately was unsuccessful. . . [And] Mr. Hooper sought to challenge the method of execution by lethal injection.
>
> The district court granted a supplemental litigation budget for this purpose in connection with [counsel's] existing CJA appointment. After working for some time on the matter under the auspices of his habeas appointment, [counsel] filed a separate action under 42 U.S.C. § 1983 seeking to enjoin use of the contemplated lethal injection protocol—a course approved by the Supreme Court in Hill v. McDonough, 547 U.S. 573, 579–83, 126 S. Ct. 2096, 165 L.Ed.2d 44 (2006). Shortly thereafter, district court personnel informed [counsel] by phone that CJA compensation would not be available for his work on the § 1983 action. At that point, given the pressure of time and the seriousness of the case, he simply

2

> continued his efforts on Mr. Hooper's behalf notwithstanding that communication.
>
> With the scheduled execution date approaching, [counsel] filed a motion for a preliminary injunction to stay Mr. Hooper's execution. The district court denied the motion and an immediate appeal was taken. This court affirmed the denial of the preliminary injunction and the Supreme Court refused further review. As [counsel] now emphasizes, this court appointed and compensated him under the CJA for his representation of Mr. Hooper in those appellate proceedings. On August 14, 2012, Mr. Hooper was executed.
>
> In the district court, [counsel] was compensated for work done in connection with his CJA appointment for the habeas proceedings—including his preliminary work in anticipation of the lethal injection challenge—but not for any time spent in the § 1983 action. He filed a motion for reconsideration of the matter, which the district court denied solely on the ground that § 1983 actions are not within the purview of the CJA.

Hooper, 536 Fed. Appx. at 797 (citations omitted).

In reversing, the Tenth Circuit turned to the language of § 3599.

> First, § 3599(a) specifies the proceedings in which a CJA appointment may initially be made: "criminal action[s] in which a defendant is charged with a crime which may be punishable by death," § 3599(a)(1), and "postconviction proceeding[s] under [28 U.S.C. § ] 2254 or 2255 . . . seeking to vacate or set aside a death sentence," § 3599(a)(2). Second, § 3599(e) specifies the authorized scope of such appointments, which reaches beyond the confines of the original proceeding to include "every subsequent stage of available judicial proceedings, including ... appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with *applications for stay of execution and other appropriate motions and procedures*." (Emphasis added).
>
> The first condition is clearly satisfied here. [Counsel] was appointed in connection with Mr. Hooper's habeas proceeding (and compensated pursuant to that appointment for his preliminary work on the lethal-injection challenge, until he commenced the § 1983 action). The crux of the matter is whether the scope of that appointment properly extended to the § 1983 action. On that point, we have found no relevant circuit precedent. Of course, the panel that compensated [counsel] under the CJA for his work on Mr. Hooper's lethal-injection appeal necessarily concluded that such work fell within the scope of § 3599, but its brief unpublished order does not explain the rationale for that conclusion and the decision itself is not binding precedent, see 10th Cir. R. 32.1(A).
>
> This lack of precedent does not leave us without guidance—we have the language of the statute and that suffices, at least for the particular circumstances presented

> here. As mentioned above, after considering the Supreme Court's direction in Hill regarding appropriate procedures for challenging the constitutionality of specific lethal-injection protocols, [counsel] filed a § 1983 action seeking injunctive relief to stay Mr. Hooper's execution until a constitutionally permissible protocol was provided. In short, he pursued an *appropriate procedure* seeking a *stay of execution*—a course that tracks the specific language in § 3599(e) identifying judicial proceedings to which a CJA appointment properly extends. Thus, without embracing any broad principle as to the statutory authorization for counsel in § 1983 actions generally, we conclude that [counsel's] efforts on behalf of Mr. Hooper in this particular § 1983 action properly fell within the scope of his existing appointment.

Id. at 799-800 (emphasis in original; footnotes omitted).

In another favorable case, Link v. Luebbers, 830 F. Supp. 2d 729 (E.D. Mo. 2011), the court held that federally appointed counsel were entitled to compensation for pursuing a prisoner's § 1983 action for declaratory and injunctive relief alleging denial of due process in clemency proceedings, but the court denied compensation for work performed in a separate § 1983 action challenging Missouri's execution protocol. The court found that the § 1983 challenge to the clemency proceedings were integral to the clemency proceedings themselves, and therefore were expressly compensable under § 3599(e). Id. at 734 ("Having due process rights in state clemency proceedings would mean very little if a clemency petitioner could not seek to enforce those rights during the clemency process. And such a challenge could not effectively be made, in all practicality, without the assistance of federal counsel."). However, the Court found that the execution-protocol litigation protocol was "of a different nature than post-conviction or clemency proceedings" and outside of the scope of § 3599(e). Id. at 735-36. Link is especially notable because it involved a due process challenge to the clemency process.

Because this issue concerns interpretation of a federal statute and disbursement of funds from the United States Treasury, the Court invites the United States to submit a brief as *amicus curiae*. The United States is directed to petitioner's *Ex Parte* Motion for Appointment of Counsel and Approval of Attorney Fees and Expenses [ECF No. 106] for the specific funds

4

requested by appointed counsel. The United States should submit its brief by May 22, 2015. Petitioner may file a response brief no later than June 5, 2015.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall lift the *ex parte* restrictions from petitioner's *Ex Parte* Motion for Appointment of Counsel and Approval of Attorney Fees and Expenses [ECF No. 106]. Each of the exhibits should be made public as well, except for Exhibit A, which should be placed under seal.

**IT IS FURTHER ORDERED** that the Clerk shall serve a copy of this Memorandum and Order on the United States Attorney's Office.

**IT IS FURTHER ORDERED** that the United States is invited to submit a brief as *amicus curiae* no later than May 22, 2015.

**IT IS FURTHER ORDERED** that petitioner may file a response brief no later than June 5, 2015.

Dated this 23rd day of April, 2015.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE