UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN E. WINFIELD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:03 CV 192 CDP |
| ) | |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

GOVERNMENT'S *AMICUS* BRIEF

COMES NOW, the United States of America, by and through Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Carrie Costantin, Assistant United States Attorney for said District, and files its *amicus* brief.

The Court invited the Government to file an *amicus* brief on the question as to whether federally appointed counsel may be reimbursed under the Criminal Justice Act, 18 U.S.C. §3006A and 18 U.S.C. §3599, for litigating an action under 42 U.S.C. §1983, specifically, an allegation that the Missouri Department of Corrections was impeding an employee from testifying on petitioner's behalf in clemency proceedings.  Ultimately, the Court of Appeals concluded that petitioner had not demonstrated a significant possibility of success on his §1983 claim and petitioner was executed.

The Criminal Justice Act authorizes the reimbursement for representation of a defendant in "proceedings for executive clemency or other clemency as may be available to the defendant." 18 U.S.C. §3599(e).  Because the §1983 action claimed that the Missouri Department of Corrections had violated procedural safeguards guaranteed by the Due Process Clause in a

1

clemency proceeding, the Government believes that §3599(e) authorizes the reimbursement of attorneys' fees in this narrow area.

The Criminal Justice Act provides counsel for indigent defendants.  Title 18, United States Code, Section 3599(e) states that appointed counsel shall represent defendant in every subsequent stage of available judicial proceedings and "shall also represent the defendant in…proceedings for executive clemency or other clemency as may be available to the defendant."   This Court appointed counsel to represent petitioner in his clemency efforts.  As part of the clemency advocacy, counsel obtained a declaration from Terance Cole, a Missouri Department of Corrections employee, in support of clemency for petitioner.  *Winfield v. Steele*, No. 14-2392, *2 (8th Cir. June 17, 2014).  Shortly thereafter, Mr. Cole told petitioner's counsel that he wished to rescind the declaration due to a pending investigation of allegations of "over-familiarity" with petitioner.  The next day, the investigator reported to the warden that the "over-familiarity" allegation was unfounded.  On June 3, 2014, petitioner filed a §1983 action claiming that the Missouri Department of Corrections had violated his right to due process of law by obstructing his efforts to obtain clemency.   At a hearing in that action, Mr. Cole testified in this Court that he still did not wish to have his declaration presented to the governor in support of the clemency request.  The Department of Corrections subsequently forwarded a copy of Mr. Cole's signed declaration to the governor's office to be included in the clemency request.  *Id.,* *3.

Thus, the §1983 action was directly related to counsel's representation of petitioner in his clemency efforts—proceedings for which compensation is authorized under 18 U.S.C. §3599(e).  In *Link v. Luebbers,* 830 F. Supp.2d 729, 734 (E.D. Mo. 2011), the Court authorized payment to

counsel for a §1983 due process challenge to the decision-maker in the state clemency proceedings. The Court stated that "Having due process rights in state clemency proceedings would mean very little if a clemency petitioner could not seek to enforce those rights during the clemency process." *Id. But see, Smulls v. Luebbers,* 2012WL 2848152, *2 (E.D. Mo. 2012) (Court cannot compensate counsel for civil litigation challenging the execution protocol because it is not part of the clemency proceedings); *Cooey v. Strickland*, 2010 WL 1434312, *3 (S.D. Ohio 2010) (§3599(e) does not include compensation for civil actions against state officials).

The Supreme Court has greatly constrained due process rights related to clemency proceedings. In *Ohio Adult Parole Authority v. Woodard,* 523 U.S. 272, 289, 118 S.Ct. 1244, 1254, 140 L.Ed.2d (1998)(O'Connor, J., concurring in part and concurring in the judgment), Justice O'Connor stated that:

> …some *minimal* procedural safeguards apply to clemency proceedings. Judicial intervention might, for example, be warranted in the face of a scheme whereby a state official flipped a coin to determine whether to grant clemency, or in a case where the State arbitrarily denied a prisoner any access to its clemency process.

In *Young v. Hayes,* 218 F.3d 850 (8th Cir. 2000), the Eighth Circuit Court of Appeals considered a capital petitioner's §1983 claim that the prosecuting attorney had threatened to fire an assistant prosecutor if she provided information to the governor in connection with petitioner's clemency request. The Court found that a limited due process claim existed. The Court stated:

> The Constitution of the United States does not require that a state have a clemency procedure, but, in our view, it does require that, if such a procedure is created, the state's own officials refrain from frustrating it by threatening the job of a witness.

*Id.,* at 853.

In the instant case, petitioner's §1983 claim was ultimately rejected by the Court of

3

Appeals. The Court stated "We conclude that Winfield has not demonstrated a significant possibility of success on his claim that the Missouri clemency process violated his rights under the Due Process Clause." W*infield v. Steele*, No. 14-2392, *4. The Court further stated:

> Whatever *minimal* procedural safeguards might be guaranteed by the Due Process Clause in a clemency proceeding are likely satisfied here. The procedures employed by the state actors in this case might not have been ideal, but they do not approach the arbitrariness contemplated by Justice O'Connor in *Woodard*: a coin flip or an arbitrary denial of access to any clemency process.

*Id.,* *4.

In summary, petitioner's §1983 claim—although not accepted by the Court of Appeals—was not frivolous and was directly connected to the integrity of the clemency process. Since §3599(e) authorizes compensation for representation in "proceedings for executive or other clemency," counsel is entitled to payment for services rendered in this §1983 action. The Government expresses no opinion as the appropriate amount of compensation due in the matter.

    Respectfully submitted,
    RICHARD G. CALLAHAN
    United States Attorney

    *s/ Carrie Costantin*
    CARRIE A. COSTANTIN #35925 MO
    Assistant United States Attorney
    111 S. 10th Street, Room 20.333
    St. Louis, Missouri 63102
    (314) 539-2200

CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties of record.

    s/*Carrie Costantin*
    CARRIE COSTANTIN #35925 MO
    Assistant United States Attorney